**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MELVIN ANDERSON,

    Petitioner,

vs.    Case No.:   5:17-cv-335-Oc-32PRL

WARDEN, FCC COLEMAN, USP I

    Respondent.
_____/

**ORDER**

    Melvin Anderson ("Petitioner"; BOP Register No. 82106–020), a federal inmate, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, Petition). Petitioner names as Respondent the Warden of FCC Coleman, USP I ("Warden"). Petitioner challenges two things: first, the United States Parole Commission's decision in February 2017 to deny him release on parole; and second, a decision by the Warden to increase his security classification, which led to a change in the conditions of his confinement. Respondent filed a brief in opposition (Doc. 5, Response) along with exhibits (Doc. 5-1, "Resp. Ex."). Petitioner filed a reply brief. (Doc. 12, Reply).

    Afterward, Petitioner moved to voluntarily dismiss the second claim (Doc. 47), which the Court granted (Doc. 58). Thus, the only remaining claim is the

1

challenge to the denial of parole in Ground One.[1] The Court instructed Respondent to file a supplemental response regarding the parole claim, which Respondent has done. (Doc. 61, Supplemental Response; Doc. 61-1, Exhibits). The Court authorized Petitioner to file a supplemental reply brief by August 28, 2020 (Doc. 60), but as of this date, the Court has received none. Therefore, the case is ripe for a decision. For the reasons below, the Petition is due to be denied.

I.  **Background**

Petitioner is currently confined at Beaumont USP serving a sentence of life imprisonment. He was confined at FCC Coleman when he filed the instant petition, and therefore the Court has jurisdiction. See Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985) (a § 2241 habeas petition must be filed in the district where the petitioner is incarcerated).

In 1988, Petitioner pleaded guilty in the United States District Court for the Middle District of Georgia to one count of second-degree murder. See Anderson v. United States, 948 F.2d 704, 705-06 (11th Cir. 1991). Petitioner admitted that he murdered a sergeant in the United States Army at Fort Benning, Georgia, for which the district court sentenced him to life in prison. See id. Since being convicted, Petitioner has filed numerous motions,

---

[1] This moots the parties' supplemental briefing regarding the exhaustion of administrative remedies related to ground two. (See Docs. 23, 26, 29).

complaints, and appeals attacking the validity of his sentence or the conditions of his confinement, none of which have succeeded. See Anderson v. United States, No. 4:87-cr-1649(CDL), 2005 WL 2277484, at *2-4 (M.D. Ga. Sep. 6, 2005) (recounting Petitioner's motions and appeals from 1989 to 2005); Anderson v. United States, No. 4:87-cr-1649(CDL), 2010 WL 1486979, at *1-2 (M.D. Ga. Apr. 12, 2010) (recounting additional motions filed between 2007 and 2009); Anderson v. United States, No. 5:10-cv-431-Oc-27PRL, 2014 WL 2625194, at *1 (M.D. Fla. Jun. 12, 2014) (dismissing civil rights complaint, pursuant to 28 U.S.C. § 1915(g), because "Plaintiff had more than three civil cases or appeals dismissed as frivolous or for failure to state a claim upon which relief may be granted.").

On February 24, 2017, the United States Parole Commission issued a Notice of Action (NOA) in which it informed Petitioner that it was denying him release on parole pursuant to 18 U.S.C. § 4206(d).[2] (Doc. 1 at 8; Doc. 61-1 at 12). In explaining its decision, the Parole Commission cited three incidents involving Petitioner: (1) assaulting a correctional officer in 1993; (2) threatening to kill a correctional officer in 1994; and (3) fighting in March 2016. The

---

[2]   Petitioner's right to any parole is governed by the Parole Commission and Reorganization Act of 1976 (Parole Act), Pub. L. No. 94–233, § 2, 90 Stat. 219 (1976) (formerly codified at 18 U.S.C. §§ 4201–4218), under which he became eligible for parole consideration in 2017. See 18 U.S.C. § 4206(d). Although parole has been abolished, the Parole Act still applies to Petitioner because of the age of his conviction.

3

Commission stated that "the recent incident of fighting is evidence that after more than 28 years in prison you are still unable to resolve conflict without resorting to violence." (Doc. 61-1 at 12). The Commission also cited statements by Petitioner in which he minimized his culpability for the crime, which the Commission considered to be "evidence of [Petitioner's] lack of acceptance of responsibility." (Id.). According to the Commission, Petitioner's failure to accept responsibility, "factored with [his] serious violations of the rules of the institution, creates a reasonable probability [that he] will commit a Federal, State, or local crime if granted parole at this time." (Id.). The Commission notified Petitioner that he was "scheduled for a statutory interim hearing during February 2019. At that time, your case will be reviewed again pursuant to 18 U.S.C. § 4206(d)." (Id.).[3]

Petitioner appealed the Commission's decision to the National Appeals Board. (See Doc. 61-1 at 26-27). Petitioner argued that: (1) the Commission's decision relied on false information because the 1993 and 1994 rule violations were based on false allegations, (2) the Commission mischaracterized the 1993, 1994, and 2016 rule violations as serious, and (3) mitigating circumstances

---

[3]     Petitioner had an interim parole hearing on March 25, 2019. On June 12, 2019, the Parole Commission again denied parole. (Doc. 61-1 at 29). Petitioner appealed that decision as well to the National Appeals Board, which affirmed the denial of parole on August 2, 2019. (Id. at 31-32). Petitioner has brought a § 2241 petition in the Eastern District of Texas concerning the 2019 denial of parole. See Anderson v. Warden, USP Beaumont, No. 1:19-cv-530-MJT-KFG (E.D. Tex.). That case is still pending.

justified a different decision because the facts of the 1993 and 1994 rule violations had been misrepresented or taken out of context. (See id.). The National Appeals Board rejected each of these arguments and affirmed the denial of parole on July 20, 2017. (Id.).

## II. The Section 2241 Petition

Petitioner challenges what he calls "an erroneous parole decision." (Doc. 1 at 2). As in his appeal to the National Appeals Board, he contends that the Parole Commission's NOA "is based on false and misleading information." (Id. at 3, 4). Petitioner denies threatening to kill a correctional officer in 1994, and asserts that both the 1993 assault and 1994 threat were minor incidents that involved no injuries. (Id. at 5). He also contends that the 1993 and 1994 incidents were not serious rule violations because they occurred more than 20 years prior. (Id.). Likewise, in his affidavit, Petitioner insists that the fight that occurred in March 2016 "was taken out of context and was a minor incident." (Id. at 9). Petitioner contends that during the previous 18 years he has committed only five minor rule infractions. (Id. at 5).

Petitioner also claims he did not receive the Parole Commission's NOA until April 4, 2017 (after being transferred to FCC Coleman on March 23, 2017), even though the NOA was dated February 24, 2017. (Id. at 3). Petitioner filed his appeal of the NOA on May 3, 2017, but he claims his appeal is being

"impeded and obstructed." (Id. at 3, 6). He complains that more than 30 days elapsed without receiving a response to the appeal. (Id.). As relief, Petitioner asks that the Parole Commission either resolve his appeal "on the merits" or grant him mandatory parole under 18 U.S.C. § 4206(d), and that the Court grant any other relief it deems appropriate. (Id. at 7).

Petitioner signed and filed the habeas petition on July 13, 2017. (See Doc. 1 at 7, 9). The National Appeals Board decided Petitioner's appeal on the merits one week later, on July 20, 2017. (See Doc. 61-1 at 26). Thus, to the extent Petitioner complains that his appeal was being impeded or obstructed, that claim is moot.[4] However, the Court will still consider Petitioner's claim that the Parole Commission erroneously denied him parole.

## III. Discussion

The writ of habeas corpus may extend to a person who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A prisoner sentenced by a federal court … may file a petition for a writ of habeas corpus to challenge the execution of his sentence, such as the

---

[4] To the extent Petitioner complains about the National Appeals Board's failure to decide his appeal within 30 days, the applicable regulation gives the National Appeals Board 60 days to act from receipt of the appellant's papers. 28 C.F.R. § 2.26(c). In any event, "a claim that the BOP violated its own policies or procedures, when those policies and procedures were not mandated by statute or the constitution, does not constitute a violation of federal law." Arguello v. English, No. 5:15-cv-145/LAC/EMT, 2016 WL 1580269, at *5 (N.D. Fla. Mar. 18, 2016) (citing Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011)).

deprivation of good-time credits or parole determinations." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1092-93 (11th Cir. 2017) (en banc). Because Petitioner challenges a parole determination, he may proceed under § 2241.

An inmate must exhaust administrative remedies before seeking habeas relief under § 2241. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). However, this exhaustion requirement is not jurisdictional. Id. Although Respondent argues that Petitioner failed to exhaust administrative remedies regarding the parole claim, the record shows that Petitioner appealed the Parole Commission's decision to the National Appeals Board, which is the final decisionmaker on such matters. See 28 C.F.R. § 2.26(c) ("Decisions of the National Appeals Board shall be final."). Therefore, the Court finds that Petitioner has exhausted his administrative remedies, and the Court will address the claim on the merits.

Petitioner contends he is entitled to "mandatory" parole under 18 U.S.C. § 4206(d). "Although the applicable provision is often referred to as the 'mandatory parole' provision, in fact the provision is not mandatory." Bowers v. U.S. Parole Comm'n, 775 F. App'x 504, 506 n.1 (11th Cir. 2019). Rather, "the Commission can deny parole under this provision under one of three circumstances: if the prisoner has (1) seriously or (2) frequently violated institution rules or (3) if there is a reasonable probability that the prisoner will

7

commit another crime in the future." Id.; accord 28 C.F.R. § 2.53(a). A neighboring provision to § 4206, § 4207, "states without limitation that, in a parole proceeding under 'this chapter' (which includes § 4206(d)), '[t]here shall also be taken into consideration such additional relevant information concerning the prisoner (including information submitted by the prisoner) as may be reasonably available.'" Bowers, 775 F. App'x at 522 (Jordan, J., concurring) (quoting 18 U.S.C. § 4207).

"The power of the United States Parole Commission to make [substantive] parole decisions is well-settled and has been protected by the courts." Meagher v. Clark, 943 F.2d 1277, 1283 (11th Cir. 1991). "The Parole Commission's substantive decisions to grant or deny parole—including its factual findings and applications of the Parole Act to individual cases—are reviewed only for abuse of discretion." Bowers, 775 F. App'x at 515 (citing Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990)). "A federal court will not reverse a decision of the Commission unless it involves flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." Glumb, 891 F.2d at 873. By contrast, "to the extent the Commission's denial of Petitioner's parole was based on a legal interpretation of § 4206(d) with which the non-prevailing party disagrees, [the Court] review[s] that interpretation de novo, subject to whatever deference … that

8

interpretation is due." Bowers, 775 F. App'x at 515 (citing Bender v. U.S. Parole Comm'n, 802 F.3d 690, 695-96 (5th Cir. 2015)).

The Parole Commission's 2017 NOA was a substantive parole determination, not a legal interpretation of § 4206(d). The Parole Commission explained:

> The Commission finds you have seriously violated the rules of the institution, as evidenced by an assault on a correctional officer in 1993, threatening to kill an officer in 1994, and most recently for fighting, in March 2016. The Commission also finds the recent incident of fighting is evidence that after more than 28 years in prison, you are still unable to resolve conflict without resorting to violence. Also, you continue to make statements to minimize your culpability in your crime, which the Commission finds is evidence of your lack of acceptance of responsibility for your crime. This[,] factored with your serious violations of the rules of the institution, creates a reasonable probability you will commit a federal, State, or local crime if granted parole at this time.

(Doc. 61-1 at 12). The National Appeals Board affirmed this decision on appeal. (Id. at 26-27). As the 2017 NOA shows, the Parole Commission did not promulgate a legal interpretation of § 4206(d), but merely applied the Parole Act to the facts of Petitioner's case. See Bowers, 775 F. App'x at 518-19 (finding that Parole Commissions' decision was a substantive parole determination where the Commission "avoided adopting a general rule" and refrained from adopting a particular interpretation of the statute). Because the Parole Commission's decision was a substantive parole determination, it is subject to the abuse-of-discretion standard. Id. at 515.

9

The 2017 NOA does not reflect that the Parole Commission's decision involved "flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." Glumb, 891 F.2d at 873. The Commission explained that Petitioner was not fit for parole because (1) he had committed serious rule violations and (2) he was likely to commit a new crime if released on parole, as evidenced by the rule violations and statements by him minimizing his culpability for the crime. (Doc. 61-1 at 12). Although Petitioner complains that the 1993 and 1994 rule violations – for assaulting a correctional officer and threatening to kill a correctional officer, respectively – were based on false allegations and that the facts were taken out of context, he received an incident report and was afforded a disciplinary hearing for both violations. (Doc. 61-1 at 4, ¶ 7 (Declaration of Krystal Lemos)). The Disciplinary Hearing Officer (DHO) found that Petitioner was responsible for the infractions and sanctioned him accordingly. (Id.; see also Doc. 61-1 at 16 (DHO sanction for assault in 1993, Incident No. 123541); id. at 15 (DHO sanction for making a threat in 1994, Incident No. 203257)). Petitioner had the opportunity to appeal the DHO's findings – which he did – and the sanctions were upheld. (Id. at 19-20 (denial of appeal regarding Incident No. 123541); id. at 21-22 (denial of appeal regarding Incident No. 203257)). Petitioner was afforded the same process for the 2016 fighting incident (Incident No. 2824067), the sanction for which was also upheld on appeal. (Id. at 4, ¶ 7; see also id. at 14, 23-24). Thus, the Parole

10

Commission did not abuse its discretion in relying on the 1993, 1994, and 2016 rule violations to deny parole.

Likewise, the Court cannot say that the Parole Commission abused its discretion in characterizing these infractions as serious violations of the institution's rules. As the National Appeals Board explained:

> You argue that the Commission should consider [the 1993, 1994, and 2016 rule violations] to be minor offenses because no serious injuries occurred in the violations. You also claim that these violation[s] of institutional rules are taken out of … context. However, each of these individual violation[s] of institutional rules is an offense standing alone that would allow the Commission to revoke parole for a previously paroled inmate sending them back to prison. Therefore, the Commission's consideration of the severity of these violations of institutional rules and their repeated nature is justified.

(Doc. 61-1 at 26).

Finally, while Petitioner challenges the Parole Commission's finding that he committed serious rule violations, he does not meaningfully challenge the Commission's other finding that there is a reasonable probability he would commit a new crime if granted parole. (Doc. 61-1 at 12). That finding is an independently sufficient basis on which to deny parole, apart from whether Petitioner committed serious rule violations. See 18 U.S.C. § 4206(d) ("[T]he Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local

crime." (emphasis added)). The Commission cited statements by Petitioner in which he minimized his culpability for the crime, which the Commission found to be "evidence of [Petitioner's] lack of acceptance of responsibility." (Doc. 61-1 at 12). Notably, Petitioner does not deny making statements that downplayed his culpability for the murder. The Commission found that such evidence, "factored with [Petitioner's] serious violations of the rules of the institution, creates a reasonable probability [Petitioner] will commit a Federal, State, or local crime if granted parole at this time." (Id.). As with the Commission's other findings, the Court cannot say that this ruling was an abuse of discretion.

### IV. Conclusion

The Court has reviewed each of Petitioner's arguments, but finds that none warrants habeas relief. The Parole Commission's decision in 2017 to deny Petitioner release on parole did not involve "flagrant, unwarranted, or unauthorized action that constitutes an abuse of the Commission's discretion." Glumb, 891 F.2d at 873.

Accordingly, it is hereby **ORDERED**:

1. Petitioner Melvin Anderson's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner's Motion to Hear and Determine Habeas Petition (Doc. 46) is **GRANTED** to the extent the Court issues this ruling on the Petition for Writ of Habeas Corpus.

3. Based on the foregoing discussion, Petitioner's Motion for Summary Judgment (Doc. 50) is **DENIED**. Contrary to Petitioner's assertion in the Motion for Summary Judgment that his claim regarding the denial of parole was unopposed, the Respondent opposed the claim on the ground that the warden of FCC Coleman was the wrong respondent. (Doc. 5 at 1 n.1). The Court directed Respondent to provide supplemental briefing on the merits in light of Rivas v. Warden, FCC Coleman – USP I, 711 F. App'x 585 (11th Cir. 2018) (see Doc. 58), which had not been decided when Respondent filed its initial response on September 25, 2017. Respondent has since filed a response on the merits of the parole claim. (Doc. 61).

4. The Clerk shall enter judgment in favor of Respondent and against Petitioner, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

lc 19

Copies:
Counsel of record
Pro se petitioner