**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MELVIN ANDERSON,

    Petitioner,

vs.                                         Case No.:   5:17-cv-335-Oc-32PRL

WARDEN, FCC COLEMAN, USP I

    Respondent.
_____/

**ORDER**

This case is before the Court on Petitioner Melvin Anderson's Motion to Strike Respondent's Supplemental Response (Doc. 64), Motion for Production of Documents (Doc. 65), and reply brief (Doc. 66), all of which the Court received after the August 28, 2020, deadline had passed for Petitioner to file a reply brief, and after the Court entered judgment denying the petition for writ of habeas corpus under 28 U.S.C. § 2241. (See Doc. 60, Order to Show Cause; Doc. 62, Order Denying Petition; Doc. 63, Judgment). Given the untimeliness of the filings, the motions are due to be denied and the Court's judgment is unchanged.

Petitioner's motions also lack merit. In his reply brief and Motion to Strike, he objects that the Warden's supplemental response (Doc. 61) is untimely under 28 U.S.C. § 2243, and therefore that the Court should strike it

and enter judgment for Petitioner.[1] However, The Eleventh Circuit "recogniz[es] that a default judgment is not contemplated in habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (citations omitted). Thus, in Goodman v. Keohane, the Eleventh Circuit rejected a habeas petitioner's argument that he was entitled to default judgment where the respondent failed to return a timely answer to the petition. 663 F.2d 1044, 1047 n.4 (11th Cir. 1981). Additionally, other courts have held that § 2243 does not displace a district court's authority to grant a respondent additional time to answer a habeas petition. See, e.g., Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996); Troglin v. Clanon, 378 F. Supp. 273, 278-81 & n.18 (N.D. Cal. 1974). Other courts have likewise held that they retain discretion under Section 2243 to order a supplemental response on the merits of a petition. See, e.g., Erwin v. Elo, 130 F. Supp. 2d 887, 890–91 (E.D. Mich. 2001). Thus, Petitioner's argument that the Court should strike the Warden's supplemental response under § 2243 and enter judgment in his favor lacks merit.[2]

---

[1]   28 U.S.C. § 2243 provides in pertinent part: "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."

[2]   The Warden never conceded that Petitioner's parole claim was meritorious. The Warden initially argued that he was not the proper respondent for that claim. (Doc. 5 at 1 n.1). The Court ordered the Warden to address the merits in light of Rivas v. Warden, FCC Coleman – USP I, 711 F. App'x 585 (11th Cir. 2018). (Doc. 58).

In the Motion to Strike, Petitioner also contends that Special Assistant United States Attorney Janelle DiNicola is unauthorized to represent the United States. Petitioner offers no evidence to support this frivolous claim.

Finally, Petitioner moves for a certified copy of the July 20, 2017 decision by the National Appeals Board to deny release on parole, complete with a "seal of authentication." (Doc. 65). Petitioner asserts that the decision does not actually exist. This claim is frivolous as well. The Warden attached to the supplemental response a copy of the July 2017 National Appeals Board decision (Doc. 61-1 at 25-27), which a deputy case management coordinator certified under penalty of perjury to be a true and accurate copy of the records maintained by the BOP (id. at 1-5). The Warden furnished a copy to Petitioner (see Doc. 61 at 6), which he obviously received (see Doc. 66 at 22-23).

Accordingly, it is hereby **ORDERED:**

1. Petitioner Melvin Anderson's Motion to Strike (Doc. 64) and Motion for Production of Documents (Doc. 65) are **DENIED**.

2. The Court has considered Petitioner's belated reply brief but concludes that it does not alter the Court's previously-entered judgment.

**DONE AND ORDERED** at Jacksonville, Florida this 2nd day of November, 2020.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

3

lc 19

Copies:
Counsel of record
Pro se petitioner